CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DICTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | **Case:** 4:16-CV-00724-DMR |
| Plaintiff, | |
| v. | **Plaintiff's Memorandum of Points and Authorities** |
| **Neil B. Goodhue,** Trustee of the Sandringham Trust UTD August 4, 1999; **Diane C. Goodhue,** Trustee of the Sandringham Trust UTD August 4, 1999; **Edward Maurice Plant III**, Trustee of the Woodbury Drive Revocable Trust of 1999 dated March 4, 1999; **Starbucks Corporation,** a Washington Corporation; | Date:    May 17, 2018 Time:    11:00 a.m. Ctrm:    4 (3ʳᵈ Floor)  Hon. Mag. Donna M. Ryu |
| Defendants. | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................ i

TABLE OF AUTHORITIES ................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................ 1

I.   PRELIMINARY STATEMENT ....................................... 1

II.  RELEVANT FACTS ................................................. 1

III.  LEGAL STANDARD ................................................ 2

IV.  THE LACK OF ACCESSIBLE FACILITIES .......................... 3

   A.  Plaintiff is Disabled .......................................... 5

   B.  Defendants Own, Operate, Lease or Lease to a Place of
   Public Accommodation ......................................... 5

   C.  The Starbucks Had Barriers .................................... 6

   D.  The Barriers Are Readily Achievable to Remove ................. 8

   E.  The Plaintiff Personally Encountered These Violations and
   Is Being Deterred From Patronage .............................. 9

V.  THE LACK OF ACCESSIBLE FACILITIES IS UNLAWFUL
UNDER CALIFORNIA LAW ........................................... 9

VI.  REMEDIES ........................................................ 9

VII.  CONCLUSION .................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
603 F.3d 666 (9th Cir. 2010)................................................................. 4

*Celotex                Corp.                v.                Catrett*
477 U.S. 317 (1986) ............................................................................. 3

*Chapman        v.      Pier      1      Imports       (U.S.)      Inc.*
631 F.3d 939 (9th Cir. 2011).......................................................... 3, 6

*Cullen                  v.                  Netflix,                  Inc.,*
880 F.Supp.2d 1017 (N.D. Cal. 2012) ................................................ 9

*D'Lil      v.      Best      Western      Encina      Lodge      &      Suites,*
538 F.3d 1031 (9th Cir. 2008) ......................................................... 10

*Doran                  v.                  7-Eleven,                  Inc.,*
524 F.3d 1034 (9th Cir. 2008) ......................................................... 10

*Moeller        v.        Taco        Bell        Corp.*
816 F.Supp.2d 831 (N.D. Cal. 2011) ................................................... 4

*Molski          v.          M.J.          Cable,          Inc.,*
481 F.3d 724 (9th Cir. 2007)............................................................... 9

*Rush        v.        Denco        Enterprises,        Inc.,*
857 F. Supp. 2d 969 (C.D. Cal. 2012) ................................................ 6

**Statutes**

42 U.S.C. § 12102(2)(A) ...................................................................... 5
42 U.S.C. § 12181(7)(B) ....................................................................... 5
42 U.S.C. § 12181(7)(F) ....................................................................... 5
42 U.S.C. § 12188(a) ............................................................................. 5
42 U.S.C. §§ 12183(a)(2) ...................................................................... 4
Cal. Civ. Code § 55.56(a) ................................................................... 10

Cal. Civ. Code § 55.56(b) ........................................................................ 10

Cal. Civ. Code § 55.56(e) ........................................................................ 10

Civ. Code § 51 (f) ...................................................................................... 9

**Other Authorities**

28 C.F.R. § 36.304(b) ................................................................................ 9

Department of Justice, Technical Assistance Manual on the American with

     Disabilities Act (BNA) §§ III-4.4100 (1991) ...................................... 6

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

Plaintiff, a quadriplegic, has brought this action because Defendant has failed to provide compliant entrance door hardware and an accessible transaction counter at Starbucks. These barriers continued to exist as recently as December, 2017.

In this motion, Plaintiff is seeking a ruling that his rights were violated under the Unruh Civil Rights Act, a statutory penalty of $8,000, and an Order requiring Defendant to make the entrance door hardware and transaction counter accessible, as defined by the Americans with Disabilities Act. Plaintiff respectfully requests this Court grant his motion.

## II.  RELEVANT FACTS

Scott Johnson is quadriplegic. He cannot walk and uses a wheelchair for mobility. (SUF #1). Mr. Johnson drives a specially equipped van with a lift that deploys from the passenger side of the van to accommodate his wheelchair. He has been issued a Disabled Person Placard by the California Department of Motor Vehicles. (SUF #2). The Starbucks is located at or about 398 Hartz Ave., Danville, California, 94526. (SUF #3). Defendant Starbucks Corporation currently owns and operates the Starbucks and did so in, March 2015, April 2015, June 2015, October 2015 and December 2015. (SUF #4). The Starbucks is a facility open to the public, a place of public accommodation, and a business establishment. (SUF #5).

Mr. Johnson has patronized and made purchase at the Starbucks on April 13, 2015 and December 14, 2015. (SUF #6). As he approached the

entrance, he found that the door hardware at the entrance to the Starbucks was a panel style handle that required tight grasping or twisting of the wrist to operate. (SUF #7). Mr. Johnson has difficulty using this type of hardware because of his manual dexterity impairments. (SUF #8). He felt embarrassed that he had to attempt to open the door several times before he could enter. (SUF #9). Inside Starbucks, Mr. Johnson discovered that the transaction counter was too high for him to use. (SUF #10).  There was no lowered counter available. (SUF #11)  He could barely see the top of the counter from his wheelchair and was unable to use it independently. (SUF #12). Additionally, the transaction counter was crowded with merchandise and displays that narrowed the clear width of the counter. (SUF #13). All these violations caused Mr. Johnson difficulty, discomfort and frustration. (SUF #14). Mr. Johnson returned to Starbucks on March 13, 2015, March 22, 2015, June 17, 2015 and October 8, 2015 but his knowledge of the barriers inside Starbucks deterred him from going inside. (SUF #15).This caused him further difficulty, discomfort and frustration. (SUF #16).

On December 28, 2017, Plaintiff's expert, Gary Waters, conducted a site inspection of the Starbucks. (SUF #17). Mr. Waters found that the condition of the transaction counter and entrance door had not changed. (SUF #18). Defendant is not contending that it does not have the financial resources to remedy the barriers. (SUF #19).  Starbucks is conveniently located. (SUF #20). Once the violations are removed, Mr. Johnson will return and continue to patronize the coffee shop often. (SUF #21).

### III.  LEGAL STANDARD

Pursuant to section 56 of the Federal Rules of Civil Procedure, a party can bring a motion for summary judgment where there is no genuine

dispute as to any material fact. Motions for summary judgment are not "disfavored." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In the present case, there can be no genuine dispute over the facts of the case and those facts inform the Court and the parties that it would be a waste of judicial resources for this case to proceed to trial. There is no genuine issue of material fact and this court should grant the plaintiff's motion.

## IV.   THE LACK OF ACCESSIBLE FACILITIES

Under Title III of the Americans With Disabilities Act of 1990 ("ADA"), the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" can be misleading. The ADA applies not just to intentional discrimination but to thoughtlessness and indifference:

> Its passage was premised on Congress's finding that discrimination against the disabled is most often the product, not of invidious animus, but rather of thoughtlessness and indifference, of benign neglect, and of apathetic attitudes rather than affirmative animus. The concept of "discrimination" under the ADA does not extend only to obviously exclusionary conduct—such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a Shopping Center's entrance. Rather, the ADA proscribes more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' "full and equal enjoyment" of places of public accommodation.

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944-45 (9th Cir. 2011) (internal quotes and citations removed for readability).

To succeed on his Title III, ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing*, *Chapman*, 631 F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);
2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id.*;
3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;
4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);

4

5.  Plaintiff must have actually encountered this non-removed and unlawful barrier. A personal encounter with one barrier at a site provides plaintiff with standing to seek injunctive relief for all barriers at the same site that are related to plaintiff's disability. 42 U.S.C. § 12188(a); *Doran v. 7-11*, 506 F.3d 1191, 1202 (9th Cir. 2007).

As discussed below, Plaintiff's civil rights were violated because the defendant failed to provide accessible facilities. Plaintiff will discuss each element, seriatim.

## A.    Plaintiff is Disabled

The plaintiff is a quadriplegic. He cannot walk and has significant manual dexterity impairments. (SUF #1). He drives a specially equipped van with a lift that deploys from the passenger side of the van to accommodate his wheelchair. He has been issued a Disabled Person Placard by the California Department of Motor Vehicles. (SUF #2). There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability). Given plaintiff's inability to walk, this is not a genuine issue.

## B.    Defendants Own, Operate, Lease or Lease to a Place of Public Accommodation

Starbucks is an establishment serving food or drinks. Restaurants, bars, or other establishments serving food or drink are expressly identified under the ADA as places of public accommodation. 42 U.S.C. § 12181(7)(B). Therefore, Starbucks is a place of public accommodation, which the Defendants admit. (SUF # 5). The Defendant owns and/or

operates this place of public accommodation. (SUF # 4). The Defendants, therefore, have an obligation to comply with the anti-discrimination provisions of Title III of the Americans with Disabilities Act.

## C.    The Starbucks Had Barriers

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.

Department of Justice, Technical Assistance Manual on the American with Disabilities Act (BNA) §§ III-4.4100 (1991). Case law is more specific. "To determine if Plaintiff describes an 'architectural barrier' the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." *Rush v. Denco Enterprises, Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted). "Any element in a facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal position of the Department of Justice). These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches." *Id.* In the present case, there were several "barriers" to allowing equal access to Starbucks on the date of Mr. Johnson's visits.

6

1

2       ***Lack of Accessible Entrance door hardware***

3       Door hardware must have a shape that is easy to grasp with one

4 hand and does not require tight grasping, tight pinching, or twisting of the

5 wrist to operate. 1991 Standards § 4.13.9; 2010 Standards § 404.2.7.

6       Here the failure to provide such door hardware is a violation of the

7 ADA. On the date of Mr. Johnson's visits on April 13, 2015 and December

8 14, 2015 there was a panel style entrance hardware at Starbucks which he

9 had difficulty using due to his manual dexterity impairments.  He felt

10 embarrassed that he had to attempt to open the door several times before

11 he could enter. (SUF #7-9)

12       As of December 28, 2017, the date of Plaintiff's expert site

13 inspection, this barrier was still present.

14

15       ***Lack of Accessible Transaction Counter***

16       In areas used for transactions where counters have cash registers

17 and are provided for sales or distribution of goods or services to the public,

18 at least one of each type shall have a portion of the counter which is at

19 least 36 inches in length with a maximum height of 36 inches above the

20 floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the

21 approach to the sales or service counter is a parallel approach, such as in

22 this case, there must be a portion of the sales counter that is no higher than

23 36 inches above the floor and 36 inches in width and must extend the same

24 depth as the rest of the sales or service counter top. 2010 Standards § 904.4

25 & 904.4.1.

26       Here, no such accessible transaction counter has been provided in

27 violation of the ADA. On the date of Mr. Johnson's visits on April 13,

28 2015 and December 14, 2015 the transaction counter was high for him to

use. Additionally it was crowded with merchandise and displays that narrowed the clear width of the counter. (SUF #10-13).

As of December 28, 2017, the date of Plaintiff's expert site inspection, this barrier was still present.

### D.     The Barriers Are Readily Achievable to Remove

The phrase "readily achievable" is defined by the code as: "…easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include—

(A)     the nature and cost of the action needed under this chapter;

(B)     the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C)     the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and,

(D)     the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. 42 U.S.C. § 12181(9).

Notably, Defendant is not asserting lack of financial resources as part of a readily achievable defense, therefore cost is no longer a relevant factor. (SUF #19).

Moreover, even a cursory review of the Code of Federal Regulations indicates that this type of action, e.g.., installing door

hardware, is the type of action that is identified as presumed to be readily achievable. 28 C.F.R. § 36.304(b)(11).

In sum, the Defendants failed to remove barriers that were readily removed and, therefore, violated the Plaintiff's rights under the ADA.

### E.   The Plaintiff Personally Encountered These Violations and Is Being Deterred From Patronage

As established above, the Starbucks was not accessible to disabled persons on the date of Mr. Johnson's visits, and it was still not accessible as of December 28, 2017. Thus, not only did Mr. Johnson personally encounter the violations, but he faced the threat of continued and repeated violations.

## V.   THE LACK OF ACCESSIBLE FACILITIES IS UNLAWFUL UNDER CALIFORNIA LAW

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51 (f).  "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski*, 481 F.3d at 731. As discussed above under section "IV", the defendant violated the ADA. Thus, there has been a per-se violation of Unruh.

## VI.   REMEDIES

The Plaintiff seeks both injunctive relief and statutory damages. Under the ADA, the plaintiff is entitled to injunctive relief. 42 U.S.C. §

12188(a). Such injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities" to the extent required by the ADA. *Id.* at 12188(a)(2).

Mr. Johnson has standing to seek the fix. "Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008). "We have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008). Starbucks is conveniently located. (SUF #20). Once the violations are removed, Mr. Johnson will return and continue to patronize Starbucks often. (SUF #21).

Statutory damages can be recovered for a violation of the Unruh Civil Rights Act "if the violation denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. § 55.56(a). A denial of full and equal access takes place where a plaintiff "personally encountered" the violation and it resulted in "difficulty, discomfort or embarrassment." Cal. Civ. § 55.56(b). In the present case, all these elements are met.

Under the Civil Code, the plaintiff is entitled to recover a statutory penalty for "each offense" (Cal. Civ. Code § 52(a)) which has been defined as "each particular occasion that the plaintiff was denied full and equal access . . ." Cal. Civ. Code § 55.56(e). A plaintiff can recover for both actual encounters and occasions where personal knowledge of a

barrier deterred the plaintiff from attempting patronage. Cal. Civ. § 55.56(b).

Mr. Johnson personally encountered the access standards violations on his visits on April 13, 2015 and December 14, 2015, and on multiple occasions thereafter, he was deterred from going inside Starbucks due to his knowledge the barriers. (SUF #6 & 15). However, Mr. Johnson seeks only two statutory penalties. There are no genuine issues in dispute here and Mr. Johnson is entitled to the statutory award of $8,000 under the Unruh Civil Rights Act for each of his encounters. "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007). Mr. Johnson seeks an award of $8,000.

## VII.   CONCLUSION

The Plaintiff respectfully requests this Court grant his motion.

Dated: April 15, 2018          CENTER FOR DISABILITY ACCESS


                               By: /s/ Sara N. Gunderson
                                Sara N. Gunderson
                                Attorneys for Plaintiff