UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STARBUCKS CORPORATION,<br><br>　　　　Defendant. | Case No. 16-cv-00724-DMR<br><br>**ORDER GRANTING DEFENDANT STARBUCK CORPORATION'S MOTION TO STAY**<br><br>Re: Dkt. Nos. 83, 88 |

　　　　Defendant Starbucks Corporation ("Starbucks") moves to stay this case pending the Judicial Panel on Multidistrict Litigation ("JPML")'s decision on its motion to transfer this case, along with 20 other similar lawsuits filed by Plaintiff Scott Johnson, to a single district court as a multidistrict litigation ("MDL"). [Docket Nos. 83, 88]. Johnson opposes. [Docket No. 98]. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the court grants Starbucks's motion.

**I.　BACKGROUND**

　　　　On February 12, 2016, Johnson filed this action against a number of defendants including Starbucks alleging violations of Title III of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh") in connection with the Starbucks facility located in Danville, California. Compl. [Docket No. 1]. It is one of 20 federal lawsuits Johnson has filed against Starbucks alleging ADA and Unruh violations in connection with California Starbucks facilities.

　　　　This case is set for a short bench trial commencing August 27, 2018. Case Management and Pretrial Order for Court Trial ("Pretrial Order") [Docket No. 49]. The parties have completed fact and expert discovery, aside from expert depositions. [Docket No. 111]. Johnson's summary judgment motion, which was filed on April 19, 2018, is now fully briefed. [Docket Nos. 81, 96, 97, 103, 104, 105, 106].

On April 23, 2018, Starbucks filed a motion with the JPML to transfer this action and the 20 others to a single district for coordination as an MDL. [MDL No. 2849 Docket No. 1]. The JPML will hear the motion to transfer on July 26, 2018. [MDL No. 2849 Docket No. 13 (Hearing Order)].

Starbucks now moves to stay this action pending a JPML decision. [Docket Nos. 83, 88].

## II. LEGAL STANDARD

Although a case is not automatically stayed upon the filing of a motion for transfer and coordination before the JPML, a district court has discretion to stay the case through exercise of its inherent power. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); Rules of Procedure of the U.S. J.P.M.L. 2.1(d) (A pending motion before the JPML "pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). The court's discretionary power to issue a stay is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers*, 980 F. Supp. at 1360 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

In determining whether to grant a stay pending a JPML motion to transfer, courts consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360.

## III. DISCUSSION

Applying the *Rivers* factors, the court finds that they support the issuance of what will likely be a brief stay.

### A. Prejudice to Johnson

Johnson does not argue that he will suffer any prejudice as a result of a stay. Moreover, any delay resulting from a stay will be minimal because the JPML will hear the transfer motion in several weeks, and in "most cases the [JPML] decides the matter before it within a short period after arguments are held or after the briefing is completed if the parties waive oral argument."

2

Multidistrict Litig. Manual § 4:27; *see, e.g., Johnson v. Monterey Fish Co., Inc.*, No. 18-CV-01985-BLF, 2018 WL 2387849, at *2 (N.D. Cal. May 25, 2018) (granting stay where "Johnson ha[d] not argued that he would be prejudiced if this Court granted Starbucks['s] motion"); *Johnson v. Starbucks Corp.*, No. 18-CV-01134-MEJ, 2018 WL 2938548, at *1 (N.D. Cal. June 12, 2018) (same).

### B. Hardships to Starbucks

Starbucks initially contends that it will suffer hardship because it will have to respond to written discovery before the JPML rules on the transfer motion. [Docket No. 83-1 at 5]. This argument does not make sense because the parties have already completed written discovery. In its reply, Starbucks clarifies that it will suffer hardship because a ruling on the pending summary judgment motion will frustrate the purposes of the JPML transfer motion and create the potential for inconsistent rulings with the MDL court. [Docket No. 100 at 4].

Johnson contends that no hardship exists because the summary judgment motion is fully briefed, so there is no further work required of the parties at this time. He also asserts that there is no possibility of inconsistent rulings if this court denies his summary judgment motion.

The court finds that this factor also supports the issuance of a stay. While the briefing on Johnson's summary judgment is complete, Starbucks asserts that it faces 20 other lawsuits in which it must litigate factually identical claims and face the possibility of inconsistent rulings on the same or similar pretrial matters. *See Segovia v. Bristol-Myers Squibb Co.*, No. CV. NO. 15-00519 DKW-RLP, 2016 WL 7007482, at *3 (D. Haw. Nov. 30, 2016) ("The potential burden on Defendants of having to defend in multiple fora favors entry of a stay pending the decision of the JPML."). Additionally, Starbucks may be forced to re-litigate common issues of liability presented by Johnson's summary judgment before the MDL court if this court denies summary judgment. *Id.*; *see also* Ann. Manual Complex Litig. § 20.132 ("The transferee [MDL] judge may vacate or modify any order of a transferor court including protective orders . . . .") (4th ed.)

### C. Judicial Economy

"The most important [stay] factor is judicial economy." *Stuart v. DaimlerChrysler Corp.*, No. 1:08-CV-0632 OWW GSA, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008); *Rivers*, 980

3

F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant.").

"[I]t is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362; 28 U.S.C. § 1407(a) (Transfers made by the JPML "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.").

The court finds that a brief stay will serve judicial economy. The JPML will soon hear and decide Starbucks's transfer motion. A stay will preserve judicial resources if the case is transferred for coordinated MDL treatment. If the case is not transferred, this court will simply resume its work on the case. If Johnson's summary judgment motion is denied and the case proceeds to trial, the court will be able to reset the short bench trial without significant delay. Courts that are presiding over two other cases that are part of Starbuck's motion before the JPML have reached a similar conclusion. *See, e.g.*, *Johnson,* 2018 WL 2387849, at *2 ("[g]ranting a stay pending a resolution on Starbucks'[s] motion to transfer and consolidate will promote consistency and judicial economy"); *Johnson*, 2018 WL 2938548, at *2 (same).

Additionally, Johnson's pending summary judgment motion presents common issues of liability that may be more efficiently addressed by the MDL court. *See Bernstine v. Merck & Co.*, No. S-07-0034 WBS KJM, 2007 WL 1217589, at *1 (E.D. Cal. Apr. 24, 2007) ("[A] stay, and deference to the MDL transferee court, is particularly appropriate when the parties contest issues that are 'likely to arise in other actions pending' in the consolidated proceedings.") (citing *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004)); *see also* Ann. Manual Complex Litig. § 20.131 ("[T]he pendency of motions raising questions common to related actions can itself be an additional justification [to] transfer [a case to the MDL court]."). At issue in Johnson's summary judgment motion is the inaccessibility of the entrance door hardware and transaction counters in the Danville Starbucks facility. Mot. for Summ. J. at 1-2, 6-8 [Docket No. 81-1]. He makes identical allegations about the San Jose and Oakland Starbucks

4

facilities that are the subject of two of the other lawsuits against Starbucks that are part of the JPML transfer motion. *See* Compl. in *Johnson v. Monterey Fish Co*., No. 5:18-cv-01985-BLF (N.D. Cal.) ¶¶ 23-27 (transaction counter inaccessibility); ¶ 29 (door hardware inaccessibility); Compl. in *Johnson v. Starbucks Corp*., No. 3:18-cv-01134-MEJ (N.D. Cal.) ¶¶ 14-19 (transaction counter inaccessibility).

## IV. CONCLUSION

The court grants Starbucks's motion and stays this case pending the JPML's resolution of Starbucks's motion to transfer.

**IT IS SO ORDERED.**

Dated: June 28, 2018



Donna M. Ryu
United States Magistrate Judge

5