UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | Case No. 16-cv-00724-DMR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 81 |

Plaintiff Scott Johnson is an individual with a disability. He filed this lawsuit against Defendant Starbucks Corporation alleging violations of the Americans With Disabilities Act of 1990 and California's Unruh Civil Rights Act. Johnson now moves for summary judgment. [Docket No. 81.] Following the completion of the briefing on the motion, the court ordered the parties to file supplemental briefing, which the parties timely filed. [Docket Nos. 101, 104, 105.]

This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted in part and denied in part.

I. **BACKGROUND**

    A. **Factual Background[1]**

Johnson is a quadriplegic who uses a wheelchair for mobility. SUF 1. On April 13, 2015 and December 14, 2015, Johnson patronized and made purchases at a Starbucks Corporation-owned and operated coffeeshop located at 398 Hartz Avenue in Danville, California ("the Starbucks"). SUF 3, 4, 6. Johnson alleges that during his visits, he encountered access barriers that denied him full and equal access to the Starbucks. First, Johnson found that the door

---

[1] Unless otherwise noted, the court takes these facts from Johnson's separate statement of undisputed material facts, to which Starbucks did not object. [Docket No. 81-2 (Statement of Undisputed Facts, "SUF").]

1    hardware at the entrance of the Starbucks was a "panel style handle that requires tight grasping or
2    twisting of the wrist to operate," which he has difficulty using due to his impairments. SUF 7, 8.
3    Johnson attempted to open the door multiple times before he was able to enter. SUF 9. Second,
4    Johnson had difficulty using the transaction counter because it "was crowded with . . .
5    merchandise and displays that narrowed the clear width of the counter." [Docket No. 81-5
6    (Johnson Decl., Apr. 18, 2018) ¶ 9.] According to Johnson, these barriers caused him difficulty,
7    discomfort, and frustration. SUF 14. Johnson states that the Starbucks is "conveniently located"
8    and that he would return if the barriers he encountered were removed. SUF 21.

9    In his motion and statement of undisputed facts, Johnson also contends that during his
10   visits, he "discovered that the transaction counter was too high for him to use," that "[t]here was
11   no lowered counter available," and that "[h]e could barely see the top of the counter from his
12   wheelchair and was unable to use it independently." *See* Pl.'s Mot. 7-8; SUF 10-12. However,
13   the evidence Johnson cites for these facts does not support them. The only statement in Johnson's
14   declaration about his experience with the counter is that "the transaction counter was crowded
15   with the merchandise and displays that narrowed the clear width of the counter"; it is silent as to
16   the height of the counter. *See* Johnson Decl. ¶ 9. Johnson's investigator, Tim Wegman, visited
17   the Starbucks on September 22, 2016 and personally measured the transaction counter. Wegman
18   states that the transaction counter "measured more than 34 inches in height" and that "[t]here was
19   no lowered counter available for wheelchair users." [Docket No. 81-9 (Wegman Decl., Apr. 16,
20   2018) ¶¶ 5, 6.]

21   Gary Waters, who is an accessibility consultant and Johnson's expert witness, inspected
22   the Starbucks on December 28, 2017. [Docket No. 81-11 (Waters Decl., Apr. 17, 2018) Ex. 9
23   (Waters Report).] According to Johnson, Waters "found that the condition of the transaction
24   counter and entrance door had not changed." SUF 18. Waters's report includes photographs of
25   the door handle, which appear to show the same handle as the one Johnson encountered. *See*
26   Johnson Decl. Ex. 5, Waters Report at 12 (photo DSCF4550). Waters also states that the counter
27   measured approximately 34.25 inches above the floor and that "[m]uch of the counter space [was]
28   taken up by merchandise display, cash registers and other items." Waters Report at 5, 8 (Item 4).

According to Defendant, the Starbucks was closed and completely renovated after Waters's inspection. The Starbucks reopened to the public on March 26, 2018. [Docket No. 96-1 (Pereira Decl., May 3, 2018) ¶¶ 3-4.] According to Bobbie Lynn Padilla Pereira, Senior Project Manager—Construction, the remodel included changes to the door entrance hardware to permit greater ease of use for persons with disabilities, as well as a uniform 34 inch height for all transaction counters. *Id.* at ¶¶ 6-8.

### B. Procedural History

Johnson filed his complaint on February 12, 2016, alleging two claims for relief against Defendants Neil B. Goodhue, Diane C. Goodhue, Edward Maurice Plant III, and Starbucks Corporation: 1) violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; and 2) violation of the Unruh Civil Rights Act, California Civil Code section 51. Johnson voluntarily dismissed his claims against all Defendants except Starbucks Corporation on June 7, 2016. [Docket No. 19.]

Johnson filed the present motion on April 19, 2018. He asks the court to enter summary judgment in his favor on both claims for relief. Defendant subsequently filed a motion for a stay pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on a motion to transfer the case, along with 20 other similar lawsuits filed by Johnson, to a single district court as a multidistrict litigation. The court granted the motion and stayed the case on June 28, 2018. [Docket Nos. 83, 115.] The JPML denied the motion to transfer on August 2, 2018 and the stay subsequently was lifted. [Docket No. 119.]

## II. LEGAL STANDARD

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant

3

such that a reasonable jury could return a verdict in that party's favor. *Id*. at 248. The court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id*. at 249.

To defeat summary judgment once the moving part has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, *Anderson*, 477 U.S. at 252; conclusory assertions will not suffice. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Similarly, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on the motion. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

### A. ADA Claim

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). In order to prevail on a Title III discrimination claim, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

The third element requires a plaintiff to show that there was a violation of applicable accessibility standards. *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011); *Donald v. Cafe Royale*, 218 Cal. App. 3d 168, 183 (1990)). "In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'"

United States District Court
Northern District of California

*Chapman*, 631 F.3d at 945 (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). "In the case of newly constructed facilities, compliance with the ADA's antidiscrimination mandate requires that facilities be 'readily accessible to and usable by individuals with disabilities.'" *Chapman*, 631 F.3d at 945 (quoting 42 U.S.C. § 12183(a)(1)).[2] The same standard applies to facilities that were altered after January 26, 1992. 42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.402. To satisfy these standards, new construction and alterations must comply with either the 1991 or 2010 ADA Standards for Accessible Design, depending on the date the construction or alterations began. 28 C.F.R. § 36.406. Under the ADA, a plaintiff can sue only for injunctive relief, i.e., removal of any barriers. Monetary damages are not available for private plaintiffs. *Oliver*, 654 F.3d at 905; *Molski*, 481 F.3d at 730.

The parties do not dispute that Johnson is disabled and that the Starbucks is a place of public accommodation. *See* SUF 1, 2, 5. Only the third element is at issue, namely, whether there was a violation of applicable accessibility standards. The parties do not address when the Starbucks was constructed or altered, or which set of accessibility standards apply to the barriers Johnson alleges he encountered at the Starbucks. Instead, Johnson asserts that the lack of accessible entrance door hardware and accessible transaction counter violated both the 1991 and 2010 Standards, and that the removal of the barriers is readily achievable. *See* Mot. 7. Accordingly, he argues, Defendant violated the ADA and he is entitled to injunctive relief. *Id.* at 8-10.

In response, Defendant argues that Johnson cannot show that he is entitled to judgment on his ADA claims because the renovation of the Starbucks removed the alleged barriers that Johnson encountered in his visits. Specifically, Defendant presents evidence that it changed the door entrance hardware to permit greater ease of use for persons with disabilities, and that the

---

[2] The ADA defines newly constructed facilities as construction intended for "first occupancy later than 30 months after July 26, 1990," which was the date the ADA was enacted. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401(a)(1) ("discrimination for purposes of this part includes a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities.").

5

transaction counters are now uniformly 34 inches high. Pereira Decl. ¶¶ 7-8. It contends that these alterations are ADA-compliant. Opp'n 7. Therefore, according to Defendant, the barriers allegedly present at the time of Johnson's visits no longer exist, and Johnson's claim for injunctive relief under the ADA is moot. Defendant further argues that Johnson cannot establish standing to seek injunctive relief under the ADA now that it has voluntarily removed the barriers that formed the basis for his claim, as he cannot show a likelihood of future injury. Finally, to the extent that Johnson seeks relief based on his claim that the transaction counters were "crowded" with merchandise, Defendant argues briefly that such a claim does not violate the applicable accessibility standard in the 2010 ADA Standards for Accessible Design ("ADAAG"), 904.4.1, which specifies a maximum height and minimum length for sales and service counters. *See Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 986 (9th Cir. 2014) ("The ADAAG is a comprehensive set of structural guidelines that articulates detailed design requirements to accommodate persons with disabilities."); 28 C.F.R. § Pt. 1191, Apps. B, D. Defendant argues that the lowered counters in the renovated Starbucks fall under an express exception to ADAAG 904.4.1. Opp'n 7-8.

Because the ADA authorizes only injunctive relief for private plaintiffs, a defendant's voluntary removal of alleged barriers prior to trial may render a plaintiff's ADA claim moot. *Oliver*, 654 F.3d at 905; *see also Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) ("Because the only relief available under the ADA is injunctive, the fact that the alleged barrier has been remedied renders the issue moot."). Johnson does not dispute that as a result of the renovation, Defendant made ADA-compliant changes to the door entrance hardware and the height of the transaction counters at the Starbucks. He therefore concedes that his request for injunctive relief with respect to these alleged barriers is moot. *See* Reply 5. However, Johnson contends that his ADA claim for injunctive relief regarding crowded transaction counters is not moot, because "the transaction counter barriers persist, despite the remodel." Reply 1. Notably, Johnson does not provide any evidence to support this contention. Instead, he devotes much of his reply brief to disputing Defendant's interpretation of ADAAG 904.4.1. He argues that Defendant continues to violate ADAAG 904.4.1 because Defendant places merchandise and other items on

6

the transaction counter, which has the effect of taking up space and effectively shortening the length of the counter beyond what the standard requires. *Id*. at 1-5.[3]

After reviewing the motion papers, the court ordered the parties to supplement their briefing on the "crowded counter" issue, including addressing how and whether a counter that holds merchandise and displays violates the accessibility standard(s) at issue. [Docket No. 101.] The parties timely filed the requested briefing. [Docket Nos. 104 (Pl.'s Br.), 105 (Def.'s Br.).]

At issue is ADAAG 904.4.1 and its exception. Sales and service counters are required to comply with one of two standards that are keyed to the manner in which a customer approaches the counter: the parallel approach or the forward approach. ADAAG § 904.4. The parties agree that ADAAG 904.4.1, which governs "parallel approach," applies here. It provides:

> 904.4.1 Parallel Approach. A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.
>
> EXCEPTION: Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.

36 C.F.R. § Pt. 1191, App. D.[4]

Johnson concedes that the service counters at the Starbucks "technically comply with the height and length mandates." Nevertheless, he argues that the manner in which Defendant uses those counters "substantially reduc[es] the available counter top to less than 36 inches in length." Reply 2; Pl.'s Br. This is because Defendant "places cups, coffee, merchandise, and machines on the counter tops," which reduces the available counter space to less than 36 inches in length.

---

[3] Confusingly, Johnson refers to the impact of the practice of placing merchandise and other items on the counters on both the "clear width" *and* "length" of the counters, as if they are interchangeable. *See* Reply 1, 2. In his supplemental brief, Johnson appears to focus on the required length of sales and service counters. *See generally* Pl.'s Br. Defendant also mentions in its opposition the width of the counter, but addresses only counter length in its supplemental brief. *See* Opp'n 7 ("to the extent Plaintiff's claims are based on transaction counters less than 36 inches in width, such a claim relies on a misapplication of ADA guidelines"); *See generally* Def.'s Br. ADAAG 904.4.1 does not contain specifications for counter width.

[4] ADAAG 305 governs "clear floor or ground space."

Reply 2. According to Johnson, "not providing 36 inches of clear counter space violates the ADA." Pl.'s Br. 5. He does not address the exception to ADAAG 904.4.1 in his supplemental brief.[5]

In its supplemental brief, Defendant argues that the 36 inch minimum length requirement in ADAAG 904.4.1 applies in establishments with a two-tiered sales counter, one for disabled use and one for non-disabled use. According to Defendant, in that circumstance, ADAAG 904.4.1 requires that the "accessible" portion of the counter be at least 36 inches long and no higher than 36 inches. Defendant argues that the renovated counters in the Starbucks fall within an express exception to the rule, which states, "[w]here the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor." 36 C.F.R. § Pt. 1191, App. D. Defendant contends that the exception applies where all customers share the same sales counter and the counter is less than 36 inches long. According to Defendant, the exception requires only that the counter be no higher than 36 inches tall, with no minimum length requirement. Defendant argues that since the counter surface provided to all customers in the Starbucks is less than 36 inches long, ADAAG 904.4.1's exception applies and imposes no minimum length requirement. Def.'s Br. 2-3.

The court is unable to resolve the parties' dispute on the present record. The only evidence about the post-renovation counters at the Starbucks is the statement that "[t]he remodel of [the Starbucks] specifically includes a uniform height for transaction counters no higher than 34 inches from the floor." Pereira Decl. ¶ 8. There is no other evidence about the current height or length of

---

[5] Johnson cites two cases from this district for the proposition that Defendant "has been sued repeatedly for crowding its counter with display items, merchandise and baskets causing the transaction counter to be less than the mandated 36-inches in width" and "has repeatedly lost this issue." Pl.'s Br. 3-4; *see Kalani v. Starbucks*, 81 F. Supp. 3d 876, 887 (N.D. Cal. 2015) (holding that "no reasonable trier of fact could conclude that the point of sale counter satisfies the 36 inch length requirement," where plaintiff's expert stated that length of counter was only 35 inches, defendant admitted that it placed display and sale items on the counter, and plaintiff's expert opined that counter measured only eight inches long when taking into account items covering the surface); *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1109 (N.D. Cal. 2017) ("The 2010 ADAAG requires accessible clear space on the counter be at least 36 inches wide and that the accessible portion of the counter top extend the same depth as the sales or service counter top." (citing 2010 ADAAG 904.4.1, 904.4)). However, neither of these cases addressed the exception to ADAAG 904.4.1.

the counters. There is also no evidence in the record about whether and how merchandise and other items are displayed on the counters, and how such displays impact the available space. In the absence of a full record regarding the current, post-renovation counters at the Starbucks, the court cannot determine whether the counters violate accessibility requirements. As such, any decision on whether the applicable ADAAG requires at least 36 inches of clear counter space would be advisory. Accordingly, summary judgment on Johnson's ADA claim based on allegedly crowded counters is denied.

As previously discussed, Johnson concedes that, as a result of the renovation, the height of the transaction counters and the door entrance hardware no longer present barriers. Therefore, the aspects of his ADA claim that are based upon those former alleged barriers are dismissed as moot. *See, e.g.*, *Indep. Living Res. v. Oregon Arena Corp.*, 982 F. Supp. 698, 771 (D. Or. 1997) ("[i]f plaintiffs already have received everything to which they would be entitled, *i.e.,* the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that these plaintiffs will again be subjected to the same alleged wrongful conduct by this defendant." (citing *City of Mesquite v. Aladdin's Castle, Inc*., 455 U.S. 283, 289 (1982))).[6]

### B. Unruh Act Claim

Johnson also moves for summary judgment on his Unruh Act claim. The Unruh Act provides that "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of" the Unruh Act. Cal. Civ. Code § 51(f). It authorizes statutory damages of "no less than four thousand dollars ($4,000)" for each occasion on which a plaintiff was denied equal access. Cal. Civ. Code § 52(a); *Kohler v. Rednap, Inc*., 794 F. Supp. 2d 1091, 1094 (C.D. Cal. 2011) ("a plaintiff must be denied full and equal access 'on a particular' occasion before he can

---

[6] Although it is dismissed as moot, the court notes that Johnson's ADA claim regarding the height of the transaction counter appears to be meritless on its face. He contends that the transaction counter was "too high" for Johnson to use, and offers evidence that the height of the pre-renovated counter was more than 34 inches from the floor. Wegman Decl. ¶ 5; Waters Report at 8. However, Johnson does not explain how a transaction counter that exceeds 34 inches in height violates accessibility standards. Johnson cites 1991 and 2010 standards that provide that transaction counters may not exceed a maximum of 36 inches above the floor. *See* Pl.'s Mot. 7. There is no record evidence that the transaction counter at issue ever exceeded a height of 36 inches.

9

recover statutory damages"). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

A plaintiff can recover statutory damages for an Unruh Act claim if a violation of construction-related accessibility standards "denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(a). "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(b). A plaintiff must demonstrate that he or she "experienced difficulty, discomfort, or embarrassment because of the violation" in order to establish a denial of full and equal access. Cal. Civ. Code § 55.56(c). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731; *see also Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000) (explaining that "[t]he statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover"). Moreover, "even if a defendant has removed barriers to access and thereby mooted the plaintiff's ADA claim, those remedial measures will not moot [an Unruh Act] claim for damages." *Johnson v. Wayside Property, Inc.*, 41 F. Supp. 3d 973, 980-81 (E.D. Cal. 2014) (citations omitted).

Here, Johnson requests an award of $8,000, representing $4,000 in Unruh Act statutory damages for each of his two visits to the Starbucks. Mot. 10-11. Defendant does not dispute that the door hardware at the entrance of the Starbucks violated accessibility standards.[7] It also does not dispute that Johnson encountered this barrier. Johnson states that he experienced difficulty,

---

[7] Johnson argues that the door hardware violated 1991 Standard 4.13.9 and 2010 Standard 404.2.7. Pl.'s Mot. 7. Standard 4.13.9 provides that "[h]andles, pulls, latches, locks, and other operating devices on accessible doors shall have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate." 28 C.F.R. § Pt. 36, App. D. Standard 404.2.7 provides that "[h]andles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4." 36 C.F.R. § Pt. 1191, App. D. Standard 309.4 states that "[o]perable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist." *Id*.

discomfort, frustration, and embarrassment when he had difficulty opening the door to the Starbucks and "had to attempt to open the door several times before [he] could enter." Johnson Decl. ¶¶ 8, 10. Defendant's sole argument in opposition to Johnson's motion for summary judgment on his Unruh Act claim is that that the court should decline to exercise supplemental jurisdiction over the state law claim because Johnson's ADA claims are moot. As discussed above, the record does not support a finding of mootness with respect to the portion of the ADA claim that is based on crowded counter space. Therefore, there is no basis for the court to decline to exercise jurisdiction over the Unruh Act claim.

The court concludes that Johnson has established that he is entitled to statutory damages for his April 2015 and December 2015 visits to the Starbucks. Accordingly, the court grants Johnson's motion for summary judgment on the Unruh Act claim based on the door hardware barrier, and awards him $8,000 in statutory damages.

## IV. CONCLUSION

For the foregoing reasons, Johnson's motion for summary judgment is granted in part and denied in part. The ADA claims based on the door entrance hardware and the height of the transaction counters are dismissed as moot. The court grants Johnson's motion for summary judgment on his Unruh Act claim and awards $8,000 in statutory damages. Johnson's motion for summary judgment on his ADA claim based on allegedly crowded counters is denied. This is the only remaining claim in the case.

A further case management conference is set for November 21, 2018 at 1:30 p.m. The parties shall file an updated joint case management conference statement by November 14, 2018.

**IT IS SO ORDERED.**

Dated: October 17, 2018



Donna M. Ryu
United States Magistrate Judge

11