# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

STARBUCKS CORPORATION,

    Defendant.

Case No. 16-cv-00724-DMR

**ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT**

Re: Dkt. No. 139

Defendant Starbucks Corporation ("Starbucks") moves pursuant to Federal Rule of Civil Procedure 60(b)(2) for relief from the court's October 17, 2018 order granting summary judgment in Plaintiff Scott Johnson's favor on his Unruh Civil Rights Act claim. [Docket No. 139.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is held in abeyance pending further discovery and additional briefing.

## I. BACKGROUND

Plaintiff Johnson, who is an individual with a disability, filed this lawsuit against Starbucks in 2016 alleging violations of the Americans With Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act. In his complaint, Johnson alleges that he visited a Starbucks Corporation-owned and operated coffeeshop located at 398 Hartz Avenue in Danville, California ("the Hartz Avenue Starbucks") in March 2015, April 2015, June 2015, October 2015, and December 2015, and that he "personally encountered" numerous architectural barriers during his visits. Compl. ¶¶ 82-87.

Johnson moved for summary judgment on his ADA and Unruh Act claims in April 2018. [Docket No. 81.] In support of his motion, Johnson submitted a declaration in which he stated that he had "patronized and made purchase" at the Hartz Avenue Starbucks on April 13, 2015 and December 14, 2015, and attached receipts showing purchases on those dates. [Docket No. 81-5

1  (Johnson Decl., Apr. 18, 2018) ¶¶ 4, 5, Exs. 3, 4.] Johnson also stated that he encountered access barriers during his visits. These barriers included a panel-style door handle that was difficult for Johnson to use due to his manual dexterity impairments and a transaction counter that was crowded with merchandise and displays, narrowing the clear width of the counter. Johnson Decl. ¶¶ 6-7, 9. These barriers caused him "difficulty, discomfort and frustration." *Id*. at ¶ 10.

Briefing on the summary judgment motion was complete on May 25, 2018. Discovery closed on June 11, 2018. [Docket No. 69.] The court subsequently stayed the case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Starbucks's motion to transfer the case. Following the JPML's denial of the motion to transfer, the court lifted the stay in August 2018. [Docket Nos. 115, 122.]

On October 17, 2018, the court granted in part and denied in part Johnson's motion for summary judgment. *Johnson v. Starbucks Corp*., No. 16-cv-00724-DMR, 2018 WL 5099283 (N.D. Cal. Oct. 17, 2018). In relevant part, the court concluded that a renovation of the Hartz Avenue Starbucks had rendered moot Johnson's ADA claim based on the door entrance hardware. It also denied summary judgment on Johnson's ADA claim based on crowded transaction counters. *Id*. at *5. The court granted summary judgment on Johnson's Unruh Act claim based on the door hardware, noting that Starbucks "[did] not dispute that the door hardware at the entrance of the Starbucks violated accessibility standards" and did not dispute that Johnson had encountered the barrier during his April 2015 and December 2015 visits to the Hartz Avenue Starbucks. *Id*. at *6. It awarded Johnson $8,000 in damages, representing $4,000 in Unruh Act statutory damages for each of his two visits. *Id*.

## II. RULE 60(B) MOTION

Starbucks now moves to set aside the summary judgment order pursuant to Rule 60(b)(2) on the basis of two categories of newly discovered evidence that it argues is relevant to the issue of whether Johnson has standing in this case. The first category of evidence is Johnson's notes or "intake forms" documenting visits to the Hartz Avenue Starbucks. Starbucks asserts that it first learned of the existence of the intake forms after the close of discovery and the briefing was completed on the summary judgment motion. The second category is evidence about Johnson's

2

litigation practices in disability cases. Starbucks learned of these facts in September 2018 in connection with proceedings in another lawsuit that Johnson filed against Starbucks Corporation in this district, *Johnson v. Starbucks Corp.*, No. 17-cv-02454-WHA (N.D. Cal., filed Apr. 29, 2017) ("*Centercal*").

According to Starbucks, both categories of evidence "raise significant questions about whether [Johnson] actually ever visited the Starbucks Store or actually encountered the barriers described in his Complaint," an issue that the parties did not address in the summary judgment briefing. *See* Mot. 2. Starbucks argues that such facts are relevant to the issue of Johnson's standing to bring this lawsuit.

### A. Johnson's Intake Forms

During discovery, Starbucks propounded a request for production ("RFP") seeking the following category of documents:

> RFP No. 10: Any and all communications prepared by Plaintiff or on Plaintiff's behalf evidencing or relating to the events or facts alleged or alluded to in the complaint, including, but not limited to, letters, notes, photographs, ledgers, calendars, daily planners, logs, memoranda, recordings, and written statements.

[Docket No. 139-1 (Gaus Decl., Nov. 16, 2018) Ex. C (Pl.'s Resp. to RFP, Set One).[1]] Johnson responded that he would produce photographs of the Hartz Avenue Starbucks that were taken by his investigators in 2015 and 2016, as well as "approximately 48 photographs taken by [Johnson]" on six visits to the Hartz Avenue Starbucks in 2015, including on April 13, 2015 and December

---

[1] In its brief, Starbucks discusses RFP No. 15, which it claims requested "[a]ll documents evidencing, referring or relating to your visits to Defendant's store as alleged in your Complaint, including but not limited to notes, photographs and videotapes." Mot. 3. However, the evidence cited in support, Exhibit C to the Gaus Declaration, does not include an RFP No. 15 or any RFP with the language quoted in the motion. Instead, Starbucks highlighted RFP No. 10 in Exhibit C, quoted above in the main text.

This is not the only instance of the parties' citation to evidence which does not support the proposition for which it is cited. For example, as discussed below in footnote 2, Starbucks misstates the dates Johnson listed in a document as dates that he visited a different Starbucks coffeeshop. Further, as the court noted in its order on summary judgment, Johnson asserted in his motion that it was undisputed that "the transaction counter [at the Hartz Avenue Starbucks] was too high for him to use," but the evidence Johnson cited did not support this fact. *See Johnson*, 2018 WL 5099283 at *1. *See also* fn. 2, *supra*. **The parties are cautioned to carefully proofread their submissions in the future to ensure that they accurately describe the evidence supporting their arguments.**

3

14, 2015. *Id*. He did not object based on attorney-client privilege or the work product doctrine, and did not identify any documents he was withholding on such grounds.

Starbucks states that Johnson produced the photographs he identified in his response, along with "receipts purportedly documenting visits on April 13, 2015 and December 14, 2015." Mot. 3. Starbucks later served a deposition notice for Johnson with six RFPs, including a request for "[a]ll documents which support your allegation that you visited the Starbucks location alleged in the complaint on the alleged dates." Gaus Decl. Ex. D (Dep. Notice, RFP No. 1).

With the court's permission, Starbucks deposed Johnson on June 14, 2018, after the close of discovery. [*See* Docket No. 111.] Johnson testified that he regularly prepares notes following his visits to businesses with accessibility violations. Gaus Decl. Ex. A (Johnson Dep.) 6-8. The notes are on "form sheets" that his personal assistants and personal care attendants complete at his direction. *Id*. at 9-10. Johnson has seven pages of notes reflecting his visits to the Hartz Avenue Starbucks, with each page reflecting a single visit. *Id*. at 7. Johnson shared the information contained in the notes with his attorneys but had not shared the physical notes themselves. *Id*. at 13. When asked why he had not produced the notes in discovery, Johnson responded, "I believe because it's—they were notes for attorney-client communication." *Id*. at 12-13.

Starbucks states that Johnson refuses to produce the intake forms documenting visits to the Hartz Avenue Starbucks, and has not produced a privilege log in this litigation. Gaus Decl. ¶ 10.

**B.    Proceedings in the *Centercal* Case**

Starbucks is a defendant in the *Centercal* case pending before the Honorable William H. Alsup. On August 8, 2018, Starbucks filed a discovery letter brief in *Centercal* in which it alleged that Johnson had withheld discoverable evidence related to standing, including contemporaneous notes of his visits to the coffeeshop at issue in that case. [No. 17-cv-02454-WHA, Docket No. 58.] Following a hearing on the discovery letter, Judge Alsup set an evidentiary hearing regarding "(1) any pattern or practice by plaintiff of bringing ADA lawsuits without visiting the businesses sued, and (2) the number of times plaintiff visited the Starbucks location at issue" in *Centercal*. He ordered Johnson to bring to the evidentiary hearing "all contemporaneous notes regarding his visits to any Starbucks location" for in camera review. [No. 17-cv-02454-WHA, Docket No. 64.]

4

On September 10, 2018, Judge Alsup held an evidentiary hearing at which five witnesses testified, including Johnson. [No. 17-cv-02454-WHA, Docket No. 70 (Hr'g Tr., Sept. 10, 2018).] Micaela Lucas, Monthica Kem, and Esra Calabro, who are Johnson's former legal assistants, testified about their work for Johnson, which included driving to business establishments to determine if they had access barriers, obtaining receipts for purchases at the establishments, and completing intake forms documenting their visits. Johnson's current legal assistant and office manager, Julie Milo, testified about Johnson's current practices with respect to visiting businesses.

After the evidentiary hearing, Judge Alsup issued an order making the following findings with respect to Johnson's investigations of businesses with potential access barriers:

> Sufficient evidence was adduced to support the proposition that plaintiff Scott Johnson is engaged in the business of enforcing federal and state disability laws, that he is confined to a wheelchair, and that his investigatory practices have included, among other things, sending assistants into businesses to obtain receipts for cash purchases, then in litigation portraying those purchase[s] as having been made by him. Plaintiff's investigatory practices have also included authorizing his assistants to look for violations of disability laws while traveling on personal vacations, even though plaintiff was not himself present, so that plaintiff could send demand letters to those establishments.

[No. 17-cv-02454-WHA, Docket No. 71.] Based on these findings and the argument of counsel, Judge Alsup ordered Johnson to produce all intake forms, receipts, and photographs related to his alleged visits to the Starbucks at issue in *Centercal*, holding that Starbucks had made a showing sufficient to overcome Johnson's assertion that the materials were "privileged work product." *Id*.

Additionally, Judge Alsup addressed the complaint voiced by defense counsel regarding "plaintiff's practice of remaining silent in the pleadings as to the actual dates plaintiff visited the businesses sued by plaintiff," which "makes it impossible for the defense to consult other public filings and to thereby construct a chronology of when and where plaintiff visited on a given day (to see if plaintiff could plausibly have visited the store in question in light of other locations visited)." *Id*. Noting that Johnson "has engaged in 'drive-bys' and/or visits to upwards of thirty businesses on a given day," Judge Alsup ordered Johnson's counsel to review all of Johnson's intake forms and provide defense counsel "with a list of businesses and locations plaintiff visited on the same [seven] dates as plaintiff visited the Starbucks store at issue" in that case. *Id*.

On September 24, 2018, Judge Alsup issued an order following his in camera review of the materials Johnson lodged at the evidentiary hearing. [No. 17-cv-02454-WHA, Docket No. 77.] Judge Alsup ordered Johnson to produce three intake forms for his purported visits to three Starbucks stores, along with accompanying receipts for purchases and photographs. One of the three intake forms was regarding a December 16, 2016 visit to the Hartz Avenue Starbucks. *Id*. According to Judge Alsup, the "three intake forms tend to indicate that someone other than plaintiff purchased an item and obtained a receipt in connection with plaintiff's visits to Starbucks stores." *Id*.

In response to Judge Alsup's orders, Johnson served a document titled, "Plaintiff's Response to Court Order" on September 24, 2018 in which he listed "businesses and locations [Johnson] visited on the same dates as [he] visited the Starbucks store at issue in [*Centercal*]." Gaus Decl. ¶ 9, Ex. G. Johnson listed four dates: March 13, 2015, March 22, 2015, April 8, 2015, and April 30, 2015. According to Starbucks, two of these dates, March 13, 2015 and March 22, 2015, are dates that Johnson claims to have visited the Hartz Avenue Starbucks, but Johnson did not list the Hartz Avenue Starbucks among the businesses he visited on those two dates. *See* Mot. 5; Gaus Decl. ¶ 9.[2] Starbucks argues that Johnson's "contradictory statements about his whereabouts on the dates he alleges he was at the Starbucks in this case is, by itself, a significant new fact in this case that calls his standing into question." Mot. 5.

Further, Starbucks notes that for the dates Johnson listed in his September 24, 2018 submission, Johnson visited a significant number of businesses in the Danville area. For example, on March 13, 2015, Johnson claims that he visited 32 businesses. He claims that he visited 21 businesses on March 22, 2015. Gaus Decl. Ex. G. Starbucks argues that the "sheer volume" of businesses Johnson alleges he visited on those dates raises questions about whether Johnson

---

[2] Starbucks again misstates the evidence it cited in support of this argument. In its brief, Starbucks argues that four of the dates Johnson listed in his response correspond with dates that Johnson claims to have visited the Hartz Avenue Starbucks: March 13, 2015, March 22, 2015, June 17, 2015, and October 8, 2015. Mot. 5. It also claims that for June 17, 2015, Johnson listed a total of 81 businesses visited. *Id*. at 6. However, Johnson's response does not list the dates June 17, 2015 or October 8, 2015. *See* Gaus Decl. Ex. G. Moreover, the document does not indicate that Johnson visited 81 businesses on any single day. *See id*.

6

actually visited the Starbucks at issue in this case and personally encountered the alleged barriers therein. *See* Mot. 6.

In light of this newly discovered evidence, Starbucks asks the court to set aside its order on summary judgment; compel the production of Johnson's intake forms relating to the Hartz Avenue Starbucks; and permit additional briefing on Johnson's standing to bring this action.

## III. LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 60(b) provides that a party may seek reconsideration of a final judgment, order, or proceeding in limited circumstances, including "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* at 1263 (quotation omitted). Under Rule 60(b)(2), a party may obtain relief from judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2).[3] Relief under Rule 60(b)(2) "is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)).

"Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

## IV. DISCUSSION

Johnson does not dispute that the two categories of evidence upon which Starbucks bases

---

[3] Rule 59(b) provides that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

its motion are "newly discovered" within the meaning of Rule 60(b). He also does not argue that Starbucks failed to exercise due diligence to discover the evidence. Instead, Johnson disputes the significance of the intake forms and the proceedings before Judge Alsup as they relate to this case.

First, Johnson argues that his intake forms for the Hartz Avenue Starbucks are not discoverable. According to Johnson, the forms are "prepared in anticipation of—and for the express purpose of—litigation," and are therefore protected from discovery pursuant to Rule 26(b)(3)(A). Opp'n 2. That rule provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]" Fed. R. Civ. P. 26(b)(3)(A).

Second, Johnson disputes whether the information in his September 24, 2018 submission and the proceedings before Judge Alsup raise any questions about whether he encountered barriers at the Hartz Avenue Starbucks. Johnson states that Starbucks is "wrongly conflating" "visits" with "drive-bys" with respect to his September 24, 2018 submission. According to Johnson, the term "drive-by" describes a situation where a disabled plaintiff "goes to a business but does not enter the business and brings a lawsuit based on the experience," such as when a person with a disability drives to the parking lot of a business, sees that there is no accessible parking, and leaves without stopping. Opp'n 2. In this lawsuit, Johnson alleges that he visited the Hartz Avenue Starbucks six times, but that he actually entered the business on only two dates—April 13, 2015 and December 14, 2015. In his motion for summary judgment, he sought Unruh Act penalties for only those two visits. The remaining four visits were actually "drive-bys" where he did not enter the business. *Id*. at 2-3. He states that Judge Alsup did not order him to "identify businesses he merely drove by but did not visit." *Id*. at 4. Therefore, Johnson argues, there is no inconsistency with his claims in this lawsuit and the information in his September 24, 2018 submission in *Centercal*. Johnson also disputes the relevance of that submission to his claims in this case, noting correctly that he did not list either April 13, 2015 or December 14, 2015 in that submission.

Johnson also dismisses the testimony of his former employees at the evidentiary hearing as outdated, inconsistent, and irrelevant to his claims in this lawsuit. *See id*. at 5-11.

Neither party briefed the Ninth Circuit standard applicable to motions brought pursuant to

8

1  Rule 60(b)(2). Importantly, neither party addressed the requirement that the newly discovered
2  evidence "must be of 'such magnitude that production of it earlier would have been likely to
3  change the disposition of the case.'" *Feature Realty, Inc.*, 331 F.3d at 1093 (quoting *Coastal
4  Transfer Co.*, 833 F.2d at 211). Starbucks has not established that the proceedings in *Centercal* or
5  the intake forms for the Hartz Avenue Starbucks meet this standard. On this record, neither
6  category of newly discovered evidence establishes that Johnson did not personally encounter the
7  access barriers at issue in this case. However, additional discovery may yield facts that bear on
8  this issue.

9  Johnson argues that the intake forms for the Hartz Avenue Starbucks are not discoverable
10 because they are protected by the work product doctrine. However, he does not dispute that the
11 forms are responsive to Starbucks's discovery; that he did not assert the work product doctrine or
12 state that he was withholding responsive documents on that ground in responding to Starbucks's
13 discovery; and that he has never served a privilege log listing the documents he was withholding
14 on the basis of the work product doctrine. Based on Johnson's failures to identify the documents
15 that he was withholding and produce a privilege log, Starbucks did not learn of the existence of
16 the intake forms until after discovery had closed.

17 Federal Rule of Civil Procedure 26(b)(5) provides that a party withholding information
18 under a claim that it is privileged or subject to protection as trial preparation material must: (i)
19 expressly make the claim; and (ii) describe the nature of the documents, communications, or
20 tangible things not produced or disclosed in a manner that, without revealing information itself
21 privileged or protected, will enable the parties to assess the claim. *See* Fed. R. Civ. Proc. 26(b)(5).

22 The court's Standing Order provides that "[i]f a party withholds responsive information by
23 claiming that it is privileged or otherwise protected from discovery, that party shall produce a
24 **privilege log** as quickly as possible, but **no later than fourteen days after its disclosures or
25 discovery responses are due**, unless the parties stipulate to or the court sets another date."
26 Standing Order, *available at* https://cand.uscourts.gov/dmrorders. Thus, Rule 26 and this court's
27 Standing Order impose an affirmative obligation on parties to promptly disclose information about
28 documents withheld pursuant to privilege or protection in the form of a privilege log.

9

The Ninth Circuit has held that the failure to timely produce a privilege log may result in waiver of asserted privileges. *Burlington Northern & Santa Fe Railway Co. v. United States District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005). In *Burlington Northern*, the Ninth Circuit held that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege," while rejecting a "*per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." 408 F. 3d at 1149. Using the 30-day period "as a default guideline," the Ninth Circuit instructed courts to make a "case-by-case determination" of whether a party has waived privilege using the following factors: 1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"; 2) "the timeliness of the objection and accompanying information about the withheld documents"; 3) "the magnitude of the document production"; and 4) "other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard." *Id.* The court noted that "these factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id.*

The first and second *Burlington* factors examine the opposing party's ability to assess the applicability of the claimed privilege or protection and the timeliness of information about withheld documents. Here, Starbucks was literally unable to assess or challenge Johnson's claim that the intake forms are shielded by the work product doctrine because he never asserted the doctrine in his discovery responses, never identified any documents being withheld on that ground, and never served a privilege log. The parties do not address any of the other *Burlington* factors, such as the magnitude of the documents produced or "particular circumstances of the litigation" that make responding to discovery unusually easy or unusually hard. Applying the *Burlington* factors "in the context of a holistic reasonableness analysis," the court concludes that Johnson has waived any protection he asserts with respect to the intake forms based on his failure to timely assert the protection and produce a privilege log.

The court orders the following: Johnson must produce all intake forms or notes in his

10

possession, custody, or control pertaining to his visits to the Hartz Avenue Starbucks within seven days of the date of this order. He must also produce a privilege log listing all documents he is withholding on the basis of any privilege or protection by the same deadline. Starbucks is granted leave to depose Johnson for up to two hours on the subject of the Hartz Avenue Starbucks intake forms and/or notes and the information in his September 24, 2018 submission in *Centercal*, but only as the information relates to the visits he allegedly made to the Hartz Avenue Starbucks. Johnson's deposition must be completed within 30 days of the date of this order.

Starbucks's motion for relief from the court's order on summary judgment is held in abeyance pending the additional discovery ordered above and the following supplemental briefing: By no later than March 15, 2019, Starbucks shall file a supplemental brief addressing Johnson's standing to bring the claims in this lawsuit, including a discussion of the evidence regarding whether Johnson personally encountered the barriers at issue in this case. The brief may not exceed five pages, exclusive of evidence. Johnson may file a brief in response that does not exceed five pages, exclusive of evidence, by no later than March 22, 2019. Starbucks may file a reply brief that does not exceed two pages, exclusive of evidence, by no later than March 27, 2019. Any new evidence on reply must be responsive or else it will be disregarded. Any factual contentions made in support of the supplemental briefs must be supported by an affidavit or declaration in accordance with Civil Local Rule 7-5. The court will set the matter for a hearing or deem the matter submitted on the papers after the completion of the briefing.

## V. CONCLUSION

For the foregoing reasons, Starbucks's motion for relief from the court's order on summary judgment is held in abeyance pending additional discovery and briefing.

**IT IS SO ORDERED.**

Dated: January 31, 2019



Donna M. Ryu
United States Magistrate Judge

11