UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br> v.<br><br>STARBUCKS CORPORATION,<br><br>  Defendant. | Case No. 16-cv-00724-DMR<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 139 |

  Defendant Starbucks Corporation ("Starbucks") moves pursuant to Federal Rule of Civil Procedure 60(b)(2) for relief from the court's October 17, 2018 order granting summary judgment in Plaintiff Scott Johnson's favor on his Unruh Civil Rights Act claim. [Docket No. 139.] On January 31, 2019, the court ordered the motion held in abeyance pending further discovery and additional briefing. [Docket No. 149.] Starbucks timely filed a supplemental brief. [Docket No. 154.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I. BACKGROUND**

  **A. The Summary Judgment Order**

  Plaintiff Johnson, who is an individual with a disability, filed this lawsuit against Starbucks in 2016 alleging violations of the Americans With Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act. Johnson alleges that he visited a Starbucks Corporation-owned and operated coffeeshop located at 398 Hartz Avenue in Danville, California ("the Hartz Avenue Starbucks") in March 2015, April 2015, June 2015, October 2015, and December 2015, and that he personally encountered numerous architectural barriers during his visits. Compl. ¶¶ 82-87.

  Johnson moved for summary judgment on his ADA and Unruh Act claims in April 2018.

[Docket No. 81.] In support of his motion, Johnson submitted a declaration in which he stated that he had "patronized and made purchase" at the Hartz Avenue Starbucks on April 13, 2015 and December 14, 2015, and attached receipts showing purchases on those dates. [Docket No. 81-5 (Johnson Decl., Apr. 18, 2018) ¶¶ 4, 5, Exs. 3, 4.] Johnson also stated that he encountered access barriers during his visits. These barriers included a panel-style door handle that was difficult for Johnson to use due to his manual dexterity impairments and a transaction counter that was crowded with merchandise and displays, narrowing the clear width of the counter. Johnson Decl. ¶¶ 6-7, 9. According to Johnson, these barriers caused him "difficulty, discomfort and frustration." *Id*. at ¶ 10.

On October 17, 2018, following a brief stay of the litigation, the court granted in part and denied in part Johnson's motion for summary judgment. *Johnson v. Starbucks Corp*., No. 16-cv-00724-DMR, 2018 WL 5099283 (N.D. Cal. Oct. 17, 2018). In relevant part, the court concluded that a renovation of the Hartz Avenue Starbucks had rendered moot Johnson's ADA claim based on the door entrance hardware. It also denied summary judgment on Johnson's ADA claim based on crowded transaction counters. *Id*. at *5. The court granted summary judgment on Johnson's Unruh Act claim based on the door hardware, noting that Starbucks "[did] not dispute that the door hardware at the entrance of the Starbucks violated accessibility standards" and did not dispute that Johnson had encountered the barrier during his April 2015 and December 2015 visits to the Hartz Avenue Starbucks. *Id*. at *6. It awarded Johnson $8,000 in damages, representing $4,000 in Unruh Act statutory damages for each of his two visits. *Id*.

Discovery closed on June 11, 2018. The last day for hearing dispositive motions was May 24, 2018. [Docket Nos. 49, 69.]

**B.    Starbucks's Rule 60(b) Motion**

Starbucks subsequently moved to set aside the summary judgment order pursuant to Rule 60(b)(2) based on two categories of newly discovered evidence relevant to the issue of whether Johnson has standing in this case. The first category of evidence is Johnson's notes or "intake forms" that document his visits to the Hartz Avenue Starbucks. Starbucks asserted that the intake forms were responsive to a request for production of documents, but Johnson had failed to

2

produce them. Starbucks first learned of the existence of the intake forms after discovery was closed and briefing was completed on the summary judgment motion. The second category of evidence relates to Johnson's litigation practices in disability cases, including the practice of "sending assistants into businesses to obtain receipts for cash purchases, [and] then in litigation portraying those purchase[s] as having been made by him," as found by a judge in this district presiding over a different case between these parties, *Johnson v. Starbucks Corp.*, No. 17-cv-02454-WHA (N.D. Cal., filed Apr. 29, 2017) ("*Centercal*") (Docket No. 71). Starbucks learned of these facts in September 2018 in connection with proceedings in *Centercal*.

According to Starbucks, both categories of evidence "raise significant questions about whether [Johnson] actually ever visited the Starbucks Store or actually encountered the barriers described in his Complaint," an issue that the parties did not address in the summary judgment briefing. *See* Mot. 2. Starbucks argued that such facts are relevant to the issue of Johnson's standing to bring this lawsuit. It asked the court to set aside its order on summary judgment; compel the production of Johnson's intake forms relating to the Hartz Avenue Starbucks; and permit additional briefing on the issue of Johnson's standing.

Johnson opposed the motion. While conceding that the two categories of evidence upon which the motion is based are "newly discovered" within the meaning of Rule 60(b), Johnson disputed the significance of the intake forms and the proceedings in *Centercal*.

On January 31, 2019, the court issued an order on Starbucks's motion. *Johnson v. Starbucks Corp.*, No. 16-CV-00724-DMR, 2019 WL 402359 (N.D. Cal. Jan. 31, 2019) ("*Johnson II*"). The court noted that neither party had briefed the applicable Ninth Circuit standards governing motions brought pursuant to Rule 60(b)(2), which includes the requirement that the newly discovered evidence "must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Id.* at *6 (quoting *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987))). The court held that Starbucks "has not established that the proceedings in *Centercal* or the intake forms for the Hartz Avenue Starbucks meet this standard," and that on the current record, "neither category of newly discovered evidence

3

establishes that Johnson did not personally encounter the access barriers at issue in this case." *Id*. However, the court held that "additional discovery may yield facts that bear on this issue." *Id*. The court ordered Johnson to produce all intake forms or notes in his possession, custody, or control pertaining to his visits to the Hartz Avenue Starbucks[1] and appear for a further deposition regarding the intake forms and/or notes and the information he provided in a prior submission in *Centercal* regarding his visits to the Starbucks at issue in that case. *Id*. at *7. The court set a briefing schedule regarding "Johnson's standing to bring the claims in this lawsuit, including a discussion of the evidence regarding whether Johnson personally encountered the barriers at issue in this case," and held in abeyance the motion for relief from the court's order on summary judgment pending the additional discovery and supplemental briefing. *Id*.

Starbucks timely filed its supplemental brief. [Docket No. 154 (Def.'s Suppl. Brief).] Johnson did not submit a brief in response.

## II. LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 60(b) provides that a party may seek reconsideration of a final judgment, order, or proceeding in limited circumstances, including "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id*. at 1263 (quotation omitted). Under Rule 60(b)(2), a party may obtain relief from judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2).[2] Relief under Rule 60(b)(2) "is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered

---

[1] The court held that Johnson had waived any claim that the intake forms were protected by the attorney work product doctrine based on his failure to timely assert the protection and produce a privilege log. *Johnson II*, 2019 WL 402359 at *7.

[2] Rule 59(b) provides that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

4

evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc.*, 331 F.3d at 1093 (quoting *Coastal Transfer Co.*, 833 F.2d at 211).

"Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

## III. DISCUSSION

The basis for Starbucks's Rule 60(b) motion was its contention that newly discovered evidence suggested that Johnson did not personally encounter the access barrier for which the court awarded him Unruh Act damages, namely, the door hardware at the Hartz Avenue Starbucks. In its supplemental brief, Starbucks does not directly address this issue. Instead, it argues that that the photos and receipts that Johnson submitted as evidence of his visits to the Hartz Avenue Starbucks in support of his motion for summary judgment do not conclusively establish his presence at the Starbucks or demonstrate that he made purchases. It also asserts that Johnson's "unsupported testimony" alone is insufficient to establish that he personally encountered the doors or the counters at the Starbucks "as a barrier." Def.'s Suppl. Br. 2-3. Starbucks' arguments are not well taken, for the evidence that Starbucks challenges on this point—Johnson's declaration, photos, and receipts—were part of the record on summary judgment and are not "newly discovered" within the meaning of Rule 60(b)(2). Starbucks may not use its Rule 60(b) motion as an opportunity to make new arguments about Johnson's evidence that it could have raised on summary judgment.

Starbucks also discusses the newly-produced intake forms documenting Johnson's visits to the Starbucks. The intake form dated April 13, 2015 indicates that Johnson visited the Hartz Avenue Starbucks alone on that date, and that he went inside the store, made a purchase, and obtained a receipt. Def.'s Suppl. Br. Ex. C.[3] It notes certain physical features of the store,

---

[3] Starbucks's brief repeatedly cites to a declaration by counsel, but no such declaration was filed; instead, the exhibits cited were attached directly to the brief. As Johnson did not object to the lack of authentication of the exhibits, the court will consider them.

5

including "narrow/obstructed" counter height, standard disabled parking, and the surfaces of the parking lot and entrance to the Starbucks. Under the heading, "entry door hardware," "DPH" and "pull" are circled. *Id*. Johnson testified that "DPH" means "door panel handle," and that these notations mean that the entry door had a door panel handle operated by pulling. Def.'s Suppl. Br. Ex. D (Johnson Dep., Mar. 15, 2019) at 32. He testified that on that date, he went inside the Hartz Avenue Starbucks, made a purchase, and obtained a receipt. Johnson could not recall if anyone assisted him with opening the door or if the door was already open, but testified that he could not remember ever encountering a Starbucks "that leaves a front door open." Johnson Dep. 32-33.

The December 14, 2015 form indicates that Johnson visited the Hartz Avenue Starbucks alone on that date, and that he went inside the store, made a purchase, and obtained a receipt. Def.'s Suppl. Br. Ex. C. It includes the following notation about the counter: "obstructed- no low cc other low cc is order pick up only." The form does not notate the entry door handle; Johnson explained that he did not mark down the door hardware on this form because he'd "already previously marked it." Johnson Dep. 36. He also testified that he could not recall if anyone assisted him with opening the door on that date. *Id*. at 35.

Notably, Starbucks does *not* argue that these intake forms establish that someone other than Johnson personally encountered the access barrier at issue, which is the basis for its Rule 60(b) motion. Instead, while conceding that the forms "note the configuration of the door hardware," Starbucks now argues that the forms do not support Johnson's claim that the hardware "caused [Johnson] such difficulty and frustration to render it unusable for its intended use" because they do not document any such difficulty or frustration. Def.'s Suppl. Brief 3, 4. Once again, this argument is outside the scope of the Rule 60(b) motion, which only raised the question of standing, and did not contend that Johnson failed to meet the standard for an Unruh Act damage award.

Starbucks also argues that Johnson's actions in this case and in *Centercal* demonstrate his lack of credibility. Def.'s Suppl. Br. 4-5. Starbucks notes that in response to a court order in *Centercal*, Johnson served a document in which he identified all of the other businesses and locations that he visited on the four dates that he visited the location at issue in *Centercal*.

6

[Docket No. 139-1 at ECF pp. 41-46.] Two of the dates (March 13 and 22, 2015) are days on which Johnson claims to have visited the Hartz Avenue Starbucks at issue in this case. Starbucks argues that in his *Centercal* document, Johnson did not list the Hartz Avenue Starbucks among the businesses that he visited on those two dates, thereby bringing his credibility into question. In opposing the present motion, Johnson disputes that there is any discrepancy in the list of businesses that he visited on the two dates, asserting that Starbucks "wrongly conflat[ed]" "visits" with "drive-bys." He argues that the court in *Centercal* did not order him to "identify businesses he merely drove by but did not visit." [Docket No. 146 at 4.] But Starbucks claims that Johnson "changed his story" about the list of businesses he visited, because he testified at his March 2019 deposition that he believed the list contained "a mix" of businesses that he visited by going inside and just drove by. Johnson Dep. 12. According to Starbucks, Johnson's "shape-shifting on the issue of his activities in Danville on the dates at issue . . . weigh strongly against his credibility." Def.'s Suppl. Br. 5.

The court awarded Johnson Unruh Act damages for his April 13, 2015 and December 14, 2015 visits to the Hartz Avenue Starbucks. Neither date overlaps with the dates covered by the court-ordered list in *Centercal*. While there are potential inconsistencies in Johnson's statements about the list of businesses he visited, such inconsistencies do not create a material dispute of fact regarding whether Johnson personally encountered the door hardware at the Hartz Avenue Starbucks on the two dates in question *in this case*. The court concludes that Starbucks has failed to show the existence of newly discovered evidence that is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *See Feature Realty, Inc.*, 331 F.3d at 1093 (quotation omitted).

The remaining arguments in Starbucks's supplemental brief—that the transaction counters do not violate applicable accessibility standards and that Johnson does not have a genuine intent to return to the Hartz Avenue Starbucks and so lacks standing under the ADA—are irrelevant to the issue of whether Johnson personally encountered the access barrier for which the court awarded him Unruh Act damages, i.e., the door handle. They are therefore outside the scope of this motion.

## IV. CONCLUSION

For the foregoing reasons, Starbucks's motion for relief from the court's October 17, 2018 order granting summary judgment is denied.

**IT IS SO ORDERED.**

Dated: May 30, 2019



_____
Donna M. Ryu
United States Magistrate Judge